**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JARMOND JOHNSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-02014-ERW |
| | ) | |
| JANSSEN PHARMACEUTICALS, INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants Janssen Pharmaceuticals, Inc.,

Johnson & Johnson, and Janseen Research & Development, LLC's Motion to Dismiss for Lack

of Personal Jurisdiction [ECF No. 11], Plaintiffs' Motion to Remand [ECF No. 15], and

Plaintiffs' Motion to Stay Pending Remand [ECF No. 14].

## I.     BACKGROUND

On May 5, 2016, Plaintiffs[1] initiated this lawsuit by filing a petition in the Circuit Court

of the City of St. Louis, alleging they or their next friend were injured by Risperdal and/or

Invega, drugs Plaintiffs allege were developed, manufactured, and sold by Defendants. Plaintiffs'

claims include negligence, fraud, failure to warn, strict product liability, breach of express and

implied warranty, and unfair and deceptive trade practices.

On July 19, 2017, Defendants removed this matter to this Court, asserting diversity

jurisdiction even though one of the Plaintiffs, Timothy Wiley, is from Pennsylvania, and thus

---

[1] Plaintiffs are individuals from 32 states, including: Alabama, Arizona, Connecticut, Delaware, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Mississippi, Missouri, Montana, Nebraska, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Tennessee, Texas, Virginia, Washington, West Virginia, and Wisconsin.

shares citizenship with Janssen Pharmaceuticals, Inc., a Pennsylvania corporation. Defendants

seek dismissal of the claims of all non-Missouri plaintiffs for lack of personal jurisdiction, citing

the United States Supreme Court's ruling in *Bristol-Myers Squibb Company v. Superior Court of*

*California, San Fancisco County*, 137 S. Ct. 1773 (2017). Defendants contend this Court's

dismissal of the non-Missouri plaintiffs will render complete diversity of citizenship among the

litigants, making removal proper pursuant to 28 U.S.C. § 1332, 1441, and 1446. Plaintiffs argue

Defendants are barred by the one-year time limit under 28 U.S.C. § 1146(c)(1) and seek remand

to state court. Defendants do not contest this case was removed more than one year after the

commencement of the action, but rather assert they are not subject to the one-year limitation

because (1) Plaintiffs acted in bad faith to prevent removal and (2) the decision in *Bristol-Myers*

constitutes an "order" or "other paper" triggering a new 30-day removal period pursuant to 28

U.S.C. § 1446(b)(3).

## II.    DISCUSSION

Federal courts must "resolve all doubts about federal jurisdiction in favor of remand" and

are to strictly construe the removal statute, including its time limits for removal. *Dahl v. R.J.*

*Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007). As the parties seeking removal,

Defendants bear the burden of establishing this Court's jurisdiction. *Bowler v. Alliedbarton Sec.*

*Servs. LLC*, 123 F. Supp. 3d 1152, 1155 (E.D. Mo. 2015). To remove a civil action from a state

court, a defendant must file a notice of removal in the appropriate district court:

> within 30 days after the receipt by the defendant, through service or otherwise, a
> copy of the initial pleading setting forth the claim for relief upon which such
> action or proceeding is based, or within 30 days after the service of summons
> upon the defendant if such initial pleading has then been filed in court and is not
> required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(a)-(b). Section 1446(b)(3) further provides:

If the case stated by a plaintiff's initial complaint is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

However, "[a] case may not be removed under [§ 1446(b)(3)] on the basis of [diversity] jurisdiction more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). In Missouri, a civil action is commenced by filing a petition with the court. *See* Mo. R. Civ. P. 53.01; *Jackson v. Bayer Healthcare Pharm., Inc.*, No. 4:17-cv-01413-JAR, 2017 WL 2691413, at *6 (E.D. Mo. June 22, 2017); *Jackson v. C.R. Bard, Inc.*, No. 4:17-CV-974-CEJ, 2017 WL 2021087, at *3 (E.D. Mo. May 12, 2017).

There is no indication Plaintiffs acted in bad faith to prevent Defendants from removing this action within one year of its commencement. Although this Court agrees, in cases like this, the Court should address personal jurisdiction prior to deciding subject matter jurisdiction pursuant to the Supreme Court's decision in *Bristol-Myers*, Defendants' removal was untimely based on a plain reading of 28 U.S.C. § 1446(c)(1). Defendants argue Plaintiffs acted in "bad faith" by filing a number of lawsuits in Missouri state court on behalf of nonresident plaintiffs, including one nondiverse plaintiff. While it might be true Plaintiffs engaged in forum shopping and sought to avoid federal jurisdiction, Plaintiffs were not acting in bad faith by pursuing a strategy which proved successful. Thus, Defendants removal was untimely pursuant to 28 U.S.C. § 1446(c)(1), and the matter will be remanded back to the Circuit Court for the City of St. Louis.

Accordingly,

**IT IS HEREBY ORDERED** Plaintiffs' Motion to Stay Proceedings Pending a Ruling on Plaintiffs' Motion to Remand [ECF No. 14] is **GRANTED.**

**IT IS FURTHER ORDERED** Plaintiffs' Motion to Remand to State Court [ECF No. 15] is **GRANTED.**

**IT IS FURTHER ORDERED** Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim, or in the Alternative Motion for a More Definite Statement [ECF No. 11] is **DENIED.**

**IT IS FURTHER ORDERED** this matter be **REMANDED** to the Circuit Court of the City of St. Louis. The Clerk of the Court is directed to mail to the clerk of the Circuit Court for the City of St. Louis a certified copy of this Memorandum & Order.

**IT IS FURTHER ORDERED** all other pending motions are **DENIED, without prejudice, as moot.**

Dated this Day of August, 28, 2017.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**